UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS, <br><br>          Plaintiff, <br><br>     v. <br><br> UCHI, et al., <br><br>          Defendants. | Case No.   1:21-cv-01523-JLT-EPG (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO MAIL PLAINTIFF A COURTESY COPY OF ANSWER <br><br> (ECF No. 33) <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT BE DENIED <br><br> (ECF Nos. 35, 36) <br><br> OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

      Plaintiff John Fratus is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). The Court has screened Plaintiff's complaint and allowed this action to proceed against Defendants Uchi and Burnes on Plaintiff's retaliation and failure-to-protect claims and against Defendant Doe on Plaintiff's failure-to-protect claim. (ECF No. 18).

\\\

\\\

1

1    This matter is now before the Court on two motions from Plaintiff.[1] In the first, Plaintiff
2 requests a Clerk's entry of default under Federal Rule of Civil Procedure 55(a), which requires
3 the Clerk of Court to enter a default when a party fails to plead or otherwise defend an action.
4 (ECF No. 35). In the second, Plaintiff requests the entry of a default judgment under Rule
5 55(b)(2), which permits a party to obtain a default judgment against a party who has failed to
6 answer. (ECF No. 36). Both motions are based on Plaintiff's assertion that Defendants failed to
7 respond to his complaint by the June 10, 2022 deadline. (*See* ECF No. 27 – order granting
8 extension for Defendants to have until June 10, 2022, to respond to the complaint).

9    However, Plaintiff is mistaken. Defendants Uchi and Burnes filed their answer to
10 Plaintiff's complaint on June 10, 2022. (ECF No. 33). This answer contains a certificate of
11 service, that it was mailed to Plaintiff on June 10, 2022. (*Id.* at 10). Defendants having answered,
12 Plaintiff may not obtain an entry of default or a default judgment against them under the plain
13 terms of Rule 55(a), (b)(2). *See Mecklenberg v. Placerville Brewing Co., LLC*, No. 2:13-CV-149-
14 JAM-EFB PS, 2018 WL 2264193, at *2 (E.D. Cal. May 17, 2018) ("When a defendant has filed
15 an answer, default cannot be entered until that answer is stricken.").

16    Based on the foregoing, IT IS ORDERED that the Clerk shall mail Plaintiff a courtesy
17 copy of Defendants' answer. (ECF No. 33).

18    Additionally, IT IS RECOMMENDED that Plaintiff's motion for entry of default (ECF
19 No. 35) and motion for default judgment (ECF No. 36) be denied.

20    These findings and recommendations will be submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen
22 (14) days after being served with these findings and recommendations, any party may file written
23 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
24 Findings and Recommendations."

25    \\\

---

[1] A motion for default judgment is considered a dispositive matter that requires the issuance of findings and recommendations. *See Livingston v. Art.com, Inc.*, No. 3:13-CV-03748-CRB, 2015 WL 4307808, at *2 (N.D. Cal. July 15, 2015).

The failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 30, 2022**          /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE