UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>        Plaintiff,<br><br>  v.<br><br>UCHI, et al.,<br><br>        Defendant(s). | Case No. 1:21-cv-01523-JLT-EPG (PC)<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS<br><br>ORDER REGARDING SUBSTITUTION OF NAMED DEFENDANTS IN PLACE OF DOE DEFENDANTS |

John Fratus ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 6, 2022, the Court issued an order requiring the parties to file scheduling and discovery statements. (ECF No. 32). The parties have now filed their statements.[1] (ECF Nos. 34, 38).

The Court has reviewed this case and the parties' statements. In an effort to secure the just, speedy, and inexpensive disposition of this action,[2] the Court will direct that certain

---

[1] The Court notes that Defendants' statement contends that discovery should be limited to the issue of exhaustion of administrative remedies because they intend to file such a motion. (ECF No. 38, p. 4). However, no exhaustion motion or formal motion to stay has been filed. The Court declines to stay discovery at this time, but Defendants may file a motion to stay alongside any motion for summary judgment on non-exhaustion, which the Court will consider at that time. Unless and until the Court orders such a stay, discovery on all issues is open.

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

1

documents that are central to the dispute be promptly produced.[3]

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[4]

    a. Documents regarding exhaustion of Plaintiff's claims, including 602s, Form 22s, and responses from the appeals office. (*See, e.g.*, ECF No. 38, p. 3 – generally referencing Plaintiff's grievance records).

    b. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, (*see, e.g.*, ECF No. 38, p. 4 – referencing Incident Report Log. No. COR-04A-18-04-0437) or investigation(s) stemming from the processing of Plaintiff's grievance(s).[5]

    c. All of Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case. (*See, e.g.*, ECF No. 38, p. 3 – referencing medical records from Plaintiff's prison).

    d. Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s). (*See, e.g.,* ECF No. 38, p. 4 –

---

[3] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[4] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

[5] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

  The Court notes that Defendant(s) only need to produce documents such as a Confidential Appeal Inquiry or a Use of Force Critique to the extent those documents contain witness statements related to the incident(s) alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be provided to Plaintiff separately.

          referencing photos of Plaintiff but noting that Defendants are unaware of any video recordings).[6]

    e. Plaintiff's CDCR SOMS and ERMS records from March 30, 2018 to May 30, 2018. (*See* ECF No. 38, p. 3).

    f. And Defendants Uchi's and Burnes's Fair Labor Standards Act (FLSA) sign-up sheet that records on-duty hours for April 30, 2018—the date of the incident giving rise to the allegations in the complaint. (*See* ECF No. 38, p. 3; ECF No. 1, p. 6).

2. Additionally, as this case proceeds against a Doe defendant (*see* ECF No. 18, p. 9), Plaintiff may request documents from Defendants Uchi and Burnes in order to identify the Doe defendant. Plaintiff may also request a third-party subpoena if this information is not available from Defendants Uchi and Burnes. Plaintiff may refer to the Court's Scheduling Order for further information regarding the procedures for requesting documents from Defendants Uchi and Burnes and for requesting a third-party subpoena. If Plaintiff is able to identify the Doe defendant, he should file a motion to substitute the named individual in place of the Doe defendant no later than 120 days from the date of service of this order. If Plaintiff fails to identify the Doe defendant, this defendant may be dismissed from the case.

3. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

4. Parties do not need to produce documents or evidence that they have already produced.

5. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

---

[6] If Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

6. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response. If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated: **July 7, 2022**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE