UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UCHI, et al.,<br><br>　　　　Defendants. | Case No.　1:21-cv-01523-JLT-EPG (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF No. 45) |

Plaintiff John Fratus is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). The Court has screened Plaintiff's complaint and allowed this action to proceed against Defendants Uchi and Burnes on Plaintiff's retaliation and failure-to-protect claims and against Defendant Doe on Plaintiff's failure-to-protect claim. (ECF No. 18).

This matter is now before the Court on Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 45). As grounds, Plaintiff states that he intends to file a motion to appoint him *pro bono* counsel but he cannot do so because he does not have *in forma pauperis* status. The Court will deny the request.

Under § 1915(a)(1), a prisoner who is "unable to pay [] fees" to commence a lawsuit may submit an affidavit including "a statement of all assets such prisoner possesses," which the Court will review and determine if the prisoner should be able to commence the suit "without

1

prepayment of fees or security therefor." And under § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, Plaintiff does not have a constitutional right to appointed counsel, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (citation and internal quotation marks omitted).

Plaintiff paid the filing fee on December 16, 2021, and thus does not need *in forma pauperis* status to proceed in this case. Although the Court will not require Plaintiff to secure *in forma pauperis* status as a precondition to filing a motion to appoint *pro bono* counsel, the Court will consider his ability "to afford counsel" under § 1915(e)(1) if Plaintiff files a motion for appointment of *pro bono* counsel. To that end, Plaintiff should include in any motion to appoint counsel information relevant to his ability "to afford counsel," such as an inmate trust account statement or financial affidavit. *See Chaker v. Adams*, No. 10CV2599-GPC BGS, 2014 WL 4805024, at *1 (S.D. Cal. Sept. 26, 2014) (requiring plaintiff to "file[] a financial affidavit demonstrating that she is unable to afford counsel").

Accordingly, IT IS ORDERED that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 45) is denied without prejudice.[1]

\\\

\\\

\\\

---

[1] Should Plaintiff later encounter a fee in this action that he believes he will be unable to pay, he may file an application to proceed *in forma pauperis*.

Plaintiff may file a motion to appoint *pro bono* counsel without proceeding *in forma pauperis* and should include in any such motion information regarding his ability to afford counsel.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: **September 6, 2022** | /s/ Erica P. Grosjean |
| | UNITED STATES MAGISTRATE JUDGE |

3