1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9

10

JOHN FRATUS,                                Case No. 1:21-cv-01523-JLT-EPG (PC)

11
                                 Plaintiff,  ORDER GRANTING IN PART
12                                           PLAINTIFF'S MOTION FOR
                                             ADDITIONAL DISCOVERY REQUESTS
13            v.
                                             (ECF No. 59)
14   UCHI, et al.,

15                              Defendants.

16

17          Plaintiff John Fratus is a state prisoner proceeding *pro se* in this civil rights action filed

18   pursuant to 42 U.S.C. § 1983.  This case is proceeding against defendants Uchi and Burnes on

19   Plaintiff's retaliation and failure-to-protect claims and against defendant Kul on Plaintiff's

20   failure-to-protect claim.  (ECF Nos. 18 & 57).

21          On July 7, 2022, the Court issued a scheduling order.  (ECF No. 39).  Among other things,

22   the Court ordered that "[a] party may serve on any other party no more than 15 interrogatories, 15

23   requests for production of documents, and 15 requests for admission.  If a party wishes to serve

24   additional discovery requests, that party may file a motion for additional discovery requests with

25   the Court, explaining why additional discovery requests are necessary."  (Id. at 3).  The Court

26   also ordered that "[r]esponses to written discovery requests shall be due forty-five (45) days after

27   the request is first served."  (Id.).

28          On November 2, 2022, Plaintiff filed a motion for additional discovery requests.  (ECF No.

59).  Plaintiff states that Federal Rule of Civil Procedure 33 allows parties to serve 25 interrogatories.  Additionally, it requires that the party that receives the interrogatories or request for production of documents respond within 30 days.  Plaintiff asks the Court to allow him to serve 40 interrogatories and 25 requests for production of documents.  Plaintiff also asks the Court to order that responses be due within 30 days instead of 45.  Plaintiff argues that the scheduling order prejudices him.  Plaintiff argues that he needs the additional discovery requests because they are his only way to obtain factual evidence in this case.  Plaintiff also states that, given delays in mailing, it will take approximately two months for him to receive responses to his discovery requests, which will make it difficult for Plaintiff to follow-up.

　　Plaintiff provides no explanation as to why he needs to serve each defendant with 40 interrogatories.  He does not describe any topics he wishes to address.  Nevertheless, the Court will permit Plaintiff to serve up to 30 interrogatories per defendant at this time.  Fed. R. Civ. P. 33(a)(1) ("Unless otherwise … ordered by the court, a party may serve on any other party no more than 25 written interrogatories….").  If, after serving his first 30 interrogatories, Plaintiff believes that additional interrogatories are necessary, Plaintiff may file another motion for additional interrogatories.  If Plaintiff files such a motion, he should explain what additional information he is seeking that he was unable to obtain in his first 30 interrogatories.

　　As to Plaintiff's request to be able to serve additional requests for production of documents, it will be denied.  Plaintiff has not sufficiently explained why 15 requests for production of documents is insufficient, especially in light of the fact that the Court already required Defendants to provide Plaintiff with certain categories of documents without the need for a discovery request (ECF No. 40, pgs. 2-3).  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'") (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).  If Plaintiff believes this number of requests is not sufficient, Plaintiff may file a motion describing what additional documents he needs that are not addressed by the Court's discovery order and his 15 requests for production.

　　Finally, Plaintiff's request that responses to discovery be due within 30 days instead of 45

1   days will be denied.  The Court has authority to order a shorter or longer period to respond to

2   discovery requests.  Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and

3   any objections within 30 days after being served with the interrogatories.  A shorter or longer

4   time may … be ordered by the court."); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the

5   request [for production of documents] is directed must respond in writing within 30 days after

6   being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the

7   parties' first Rule 26(f) conference.  A shorter or longer time may … be ordered by the court.");

8   Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served [with a

9   request for admission], the party to whom the request is directed serves on the requesting party a

10  written answer or objection addressed to the matter and signed by the party or its attorney.  A

11  shorter or longer time for responding may … be ordered by the court.").  Plaintiff has not

12  sufficiently explained how an additional 15 days prejudices him.  If Plaintiff needs additional

13  time to follow-up after receiving responses to a discovery request, he may file a motion for an

14  extension of time.

15      Based on the foregoing, IT IS ORDERED that Plaintiff may serve on each other party a

16  total of 30 interrogatories.  In all other respects, Plaintiff's motion is DENIED.

17

18  IT IS SO ORDERED.

19  Dated:   **November 3, 2022**            /s/ Erica P. Grosjean
20                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28