1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

JOHN FRATUS,

10                     Plaintiff,

11          v.

12    UCHI, et al.,

13                     Defendants.

Case No. 1:21-cv-01523-JLT-EPG (PC)

ORDER SETTING EVIDENTIARY
HEARING AND RELATED DEADLINES

14

15          On November 7, 2022, defendants Uchi and Burnes ("Defendants") filed a motion for

16    summary judgment on the ground that Plaintiff failed to properly exhaust his available

17    administrative remedies.  (ECF No. 61).  On November 15, 2022, Defendants filed a motion to

18    stay non-exhaustion related discovery pending resolution of the motion for summary judgment.

19    (ECF No. 62).  On November 17, 2022, Plaintiff filed his opposition to Defendants' motion for

20    summary judgment.  (ECF No. 63).  On January 5, 2023, Defendants filed their reply.  (ECF No.

21    70).

22          The Court has reviewed the evidence, and finds that there is a dispute of fact on the issue

23    of non-exhaustion of administrative remedies.  Accordingly, the Court finds that an Albino

24    evidentiary hearing is necessary.  See Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir.

25    2014) (en banc).

26          In a summary judgment motion for failure to exhaust, the defendants have the initial

27    burden to prove "that there was an available administrative remedy, and that the prisoner did not

28
                                          1

exhaust that available remedy." Albino II, 747 F.3d at 1172.  If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id.  However, "the ultimate burden of proof remains with the defendant." Id.  "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

Here, Defendants argue that there are generally available administrative remedies, and that Plaintiff "failed to grieve his claims of retaliation and failure to protect regarding the April 30, 2018 incident against Sergeant Burnes and Officer Uchi." (ECF No. 61, p. 6).

Plaintiff does not dispute that there are generally available administrative remedies, or that he did not fully exhaust those remedies.  However, contrary to Defendants' assertion in their reply, Plaintiff has submitted evidence, in the form of his declaration, that on May 3, 2018, approximately five days after the April 30 2018 incident, Plaintiff filed a grievance regarding the incident.  (ECF No. 63, pgs. 14-15).[1]  Plaintiff alleges he filed the grievance by placing it into a 602 drop box while being escorted by Correctional Officer Xiong.  (Id.).  Additionally, while the exact date of submission is disputed, it is undisputed that in grievance log no. CSPC-8-18-04129, Plaintiff complained that he had not received a response to an earlier grievance that he claimed he

---

[1] In their reply Defendants also argue that Plaintiff submitted numerous other inmate appeals that were properly processed, and that this shows it is implausible and unreasonable to accept that his May 3, 2018 grievance was lost or destroyed.  (ECF No. 70, p. 5).  However, at summary judgment the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).  Even taking as true that later filed grievances were properly processed, based on the evidence presented, a fair-minded fact finder could reasonably find for Plaintiff.  And while some evidence may contradict Plaintiff's version of events, "[i]n judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).
    The Court notes that this does not render the Prison Litigation Reform Act meaningless.  The Court will conduct an evidentiary hearing, and if Plaintiff fails to meet his burden, Plaintiff's case will be dismissed for failure to exhaust administrative remedies.

submitted regarding an April 30, 2018 incident.  Defendants' Statement of Undisputed Material Fact ¶ 8; ECF No. 63, p. 3.  Plaintiff also alleges that he resubmitted the grievance on October 28, 2018.  (ECF No. 63, p. 18).  However, once again he received no response.  (Id. at 19).  Plaintiff further alleges that he has mail logs to prove he submitted the grievances.  (Id. at 19-20).

Accordingly, the Court will set an evidentiary hearing regarding the dispute of fact regarding whether Plaintiff properly filed a grievance that was not properly processed.  In setting the hearing, the Court will give the parties time to take discovery, as well as give time for defendant Kul to be served, appear, and, if appropriate, join in defendant Uchi and Burnes' motion for summary judgment and participate in the evidentiary hearing.[2]

As to the motion to stay non-exhaustion related discovery pending resolution of the motion for summary judgment, it will be denied.

District courts have broad discretion in deciding whether to stay a case.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  The moving party has the burden to show that a stay is appropriate.  Clinton v. Jones, 520 U.S. 681, 708 (1997).  In determining whether to enter a stay, the court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55).

Here, the Court finds that staying non-exhaustion related discovery, which would essentially stay the case pending resolution of the exhaustion issue, may significantly delay resolution of this case.  The evidentiary hearing is set for April 5, 2023.  After the hearing, the

---

[2] While not deciding the issue at this time, as defendant Kul was allegedly involved in the April 30, 2018 incident in which Plaintiff was allegedly attacked by inmates on behalf of defendants Burnes and Uchi, it appears that there is an identical exhaustion issue as to defendant Kul.

Court will issue findings and recommendations to the district judge, the parties will be given an opportunity to object to the findings and recommendations, and then the assigned district judge will issue a final ruling on the issue of exhaustion of administrative remedies.  While there would be some benefit to defendants to staying the case pending resolution of the exhaustion issue, if the issue is ultimately resolved in Plaintiff's favor, this long delay would be unduly prejudicial to Plaintiff.  Accordingly, weighing the factors, the Court finds that Defendants have failed to meet their burden to show that a stay is appropriate.

Accordingly, IT IS ORDERED that:

1. Defendants Uchi and Burnes' motion to stay non-exhaustion related discovery (ECF No. 62) is DENIED.

2. An Albino evidentiary hearing is set before Magistrate Judge Erica P. Grosjean on **April 5, 2023, at 1:30 p.m.**, at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Fresno, CA 93721, in Courtroom #10.  Defense counsel shall coordinate with Plaintiff's institution of confinement and, within fourteen days from the date of service of this order, file a notice indicating whether defense counsel wants the hearing to be held in person or via Zoom.  The Court notes that while it is amenable to either, all appearances must be by the same method, i.e., either all parties and witnesses shall appear in person or all parties and witnesses shall appear via Zoom.

3. The evidentiary hearing is being conducted on the issue of whether Plaintiff timely filed a grievance regarding the claims that are proceeding in this action that was not properly processed.

4. Plaintiff has until **February 1, 2023**, to file a motion for the attendance of witnesses.  The motion should be entitled "Motion for Attendance of Witnesses."[3] The motion must: (1) state the name, address, and prison identification number (if any) of each witness Plaintiff wants to call; (2) explain what relevant information

---

[3] Plaintiff should only ask for the attendance of witnesses that have information relevant to the disputes of fact related to the issue of exhaustion.

4

each witness has, and how that witness has personal knowledge of the relevant information; and (3) state whether each such witness is willing to voluntarily testify.[4]

5. Defendants have until **February 15, 2023**, to file their opposition, if any, to the motion.

6. The parties have until **March 1, 2023**, to file and serve their respective witness lists (which should include the name and title of each witness they may call).

7. The parties have until **March 1, 2023**, to file and serve their respective exhibit lists.[5]

8. All evidence the parties want the Court to consider related to the relevant dispute(s) of fact must be introduced at the evidentiary hearing.  In issuing its findings and recommendations, the Court will only consider evidence that has been admitted at the evidentiary hearing.

IT IS SO ORDERED.

Dated:   __**January 6, 2023**__          ___/s/ Erica P. Grosjean___
                                                       UNITED STATES MAGISTRATE JUDGE

---

[4] If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness.  Id.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses.  28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.

[5] These lists do not need to include evidence that was submitted in support of, or in opposition to, Defendants' motion for summary judgment.  Any party may introduce this evidence at the evidentiary hearing.