UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>             Plaintiff,<br><br>       v.<br><br>UCHI, et al.,<br><br>             Defendants. | Case No. 1:21-cv-01523-JLT-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 76) |

John Fratus ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On January 25, 2023, Plaintiff filed a motion to modify the scheduling order. (ECF No. 76). In particular, Plaintiff asks for an extension of the motion to compel deadline and the non-expert discovery cutoff. Plaintiff concedes that the motion to compel deadline ran on December 7, 2022. However, according to Plaintiff, prior to this date, defense counsel and Plaintiff made arrangements and agreed to discuss discovery disputes at Plaintiff's deposition. But on November 21, 2022, Plaintiff received a notice from defense counsel that Defendants filed a motion to stay non-exhaustion discovery, and so would be postponing their objections and responses to his interrogatory requests. Additionally, defense counsel postponed Plaintiff's deposition, which was noticed for December 5, 2022. Defense counsel informed Plaintiff that his office could coordinate a meet and confer after resolution of Defendants' exhaustion-based motion for summary judgment. However, Plaintiff recently received an order denying

Defendants' motion to stay. Plaintiff states that he still needs to receive responses to interrogatories, confer with defense counsel regarding discovery disputes, and file a motion to compel (if necessary). Plaintiff asks for a sixty-day extension of the non-expert discovery deadline and for ninety days to file a motion to compel.

The Court will grant Plaintiff's motion.[1] Additionally, as the Court is extending the non-expert discovery deadline, the Court will also extend the dispositive motion deadline.

Accordingly, IT IS HEREBY ORDERED that

1. The motion to compel deadline is **April 26, 2023**.
2. The non-expert discovery cutoff is **May 8, 2023**.
3. The deadline for filing dispositive motions, including motions for summary judgment (other than dispositive motions based on the defense of failure to exhaust administrative remedies), is **June 9, 2023**.
4. All unmodified terms and conditions of the Scheduling Order remain in full force and effect.

IT IS SO ORDERED.

Dated:   **January 26, 2023**                   /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is troubled by the representation that Defendants did not respond to Plaintiff's discovery requests in a timely manner. While Defendants sought a stay, that request was denied (ECF No. 71), and Defendants were never granted an extension of time to respond to Plaintiff's requests. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992). Should Plaintiff file a motion to compel, the Court will evaluate this issue as well as any objections that are asserted.