UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UCHI, BURNES,<br><br>　　　　　Defendants. | Case No. 1:21-cv-1523-JLT-EPG (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE AND PARAMETERS AND SCHEDULING PRE-CONFERENCE TELEPHONIC DISCUSSION<br><br>**Settlement Statements Due:　April 6, 2023**<br>**Telephonic Pre-Conference:　April 13, 2023**<br>**Settlement Conference:　　　April 21, 2023** |

On March 2, 2023, United States Magistrate Judge Erica Grosjean referred this case to the undersigned for a settlement conference. (Doc. No. 81). As a result, pursuant to Local Rule 270, the Court sets this matter for a settlement conference on **Friday April 21, 2023 at 10:00 a.m.** Unless all parties request the conference to be in-person, the Court will conduct the settlement conference via video conference. The Zoom settlement conference invitation will be distributed the week prior.[1]

Unless otherwise permitted in advance by the Court, the following individuals must attend

---

[1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Patricia Apodaca, Courtroom Deputy for the Hon. Helena Barch-Kuchta, United States Magistrate Judge, at PApodaca@caed.uscourts.gov

1  the settlement conference in person: (1) the attorney(s) or pro se litigant who will try the case; and
2  (2) individuals with full authority to negotiate and settle the case, on any terms.  *See* Local Rule
3  270(f).  ***Whether the named defendants' attendance will be required will be discussed at the***
4  ***April 13, 2023 Pre-Settlement Telephone Conference.***
5       **No later than Thursday, April 6, 2023**, each party must submit a settlement statement
6  either by email to Judge Barch-Kuchta's chambers at hbkorders@caed.uscourts.gov or by mail to
7  U.S. District Court, P.O. Box 575, Yosemite National Park, CA 95389.  ***The statement should***
8  ***neither be filed on the docket nor served on any other party.***  In compliance with Local Rule
9  270(d)-(e), the undersigned will use the settlement statements to prepare for and conduct the
10 settlement conference.  The statements will not become part of the case file and will be shred
11 upon conclusion of the conference under Local Rule 270(e).  If applicable, the statements should
12 be marked "CONFIDENTIAL."  *See* Local Rule 270(d).
13      The settlement statements should not exceed ten (10) page, excluding exhibits and should
14 include:
15      (1) a brief recitation of the facts;
16      (2) a discussion of the strengths and weaknesses of the case, including the parties' relevant
17 position on the factual and legal issues and brief review of the evidence to support the parties'
18 factual position;
19      (3) an itemized estimate of the expected costs for further discovery, pretrial, and trial
20 matters, in specific dollar terms;
21      (4) your best estimate of the probability that plaintiff will prevail should this case proceed
22 to trial;
23      (5) your best estimate of the damages or relief plaintiff may recover should this case
24 proceed to trial and plaintiff prevail (in specific dollar terms and/or injunctive relief, if
25 applicable);
26      (6) a history of settlement discussions (including a listing of any current settlement offers
27 from any party, in specific dollar terms), a candid statement of your party's current position on
28 settlement, including **the amount that you will give/accept to settle** (in specific dollar terms),

and a statement of your expectations for settlement discussions;

    (7) a list of the individuals who will be attending the settlement on the party's behalf, including names and, if appropriate, titles; and

    (8) no more than ten (10) pages of exhibits (not already filed in the docket) to the extent a party believes the exhibits are relevant to their position.

    (9) any restitution or fines owed by Plaintiff.

At the beginning of the settlement conference, the parties' counsel may give a brief (five-minute) opening presentation outlining the factual and legal highlights of their case before the parties break into separate caucuses.  The undersigned reserves the right to forego counsels' opening presentations if the undersigned determines that such presentations are not likely to be productive.

Notwithstanding the provisions of Federal Rule of Evidence 408, all parties' statements relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.  This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

Judge Barch-Kuchta will hold a short, pre-settlement conference telephone discussion on **Thursday, April 13, 2023, at 1:30 p.m.** (dial-in number: 1-888-204-5984; passcode: 4446176). Only the lead attorney from each side[2] should participate.  At Judge Barch-Kuchta's discretion, the joint telephonic discussion may be followed by private telephonic discussions between the judge and each party.

Dated:    March 4, 2023

                                           HELENA M. BARCH-KUCHTA
                                           UNITED STATES MAGISTRATE JUDGE

---

[2] The Court expects that the attorneys participating in the telephone discussion will also participate in the settlement conference.